UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C S BIO CO., et al.,<br><br>    Plaintiffs,<br><br>   v.<br><br>COMERICA BANK,<br><br>    Defendant. | Case No. 22-cv-0503 3-RS<br><br>**ORDER DENYING MOTION FOR LEAVE TO SEEK RECONSIDERATION AND MOTION FOR LEAVE TO AMEND** |

Plaintiffs move for leave to seek reconsideration of a prior order dismissing part of the operative second amended complaint, and for leave to file a third amended complaint that would reinstate the previously dismissed claims as well as add certain allegations that plaintiffs contend are new. Both motions will be denied.[1]

1. <u>Leave to seek reconsideration</u>

The second amended complaint included four separately numbered claims for relief, all sounding in fraud. The first claim, labeled "Fraud — Intentional Misrepresentation" alleged two distinct sets of misrepresentations. The first set, catalogued in paragraph 74(a) of the second

---

[1] Plaintiffs' motion for leave to amend the complaint also included a request to amend the scheduling order. The parties stipulated to amend the scheduling order. The pretrial conference and the trial date have been vacated. A new trial date and any other deadlines that need to be set shall be discussed at the upcoming case management conference.

amended complaint, were statements made by representatives of the bank on September 2, and September 4, 2020. The second set, listed in paragraph 74(b), were representations made between November 20 and 24, 2020.

The dismissal order concluded none of the statements in paragraph 74(a) were actionable. The first—"once a term sheet was issued the loan would be approved by Comerica"—could be characterized either as promise of future action, or as an implied representation of existing fact that issuance of a term sheet is effectively equivalent to, or automatically results in, loan approval. Under neither characterization, however, can the statement reasonably be understood as overriding the terms and conditions set out in the term sheet itself. As set out in prior orders, those terms and conditions unambiguously and unequivocally communicated that the loan had not yet been approved and would not be approved until and unless those terms and conditions were fulfilled. The remaining three statements alleged in paragraph 74(a) can all be seen as representations of then-existing fact, but do not give rise to liability because plaintiffs presented no facts suggesting any of those representations were false.

The dismissal order observed the alleged misrepresentations from late November 2020 alleged in paragraph 74(b) all constitute promises as to future events, and therefore are actionable only to the extent the allegations satisfy the requirements for pleading promissory fraud. The second amended complaint included a separate claim for relief—entitled "False Promise"—that was based on the same alleged misrepresentations listed in paragraph 74(b). Thus, the portion of the first claim for relief based on paragraph 74(b) and the third claim for relief are duplicative. The dismissal order analyzed the allegations in the context of the third claim for relief and concluded the second amended complaint adequately alleges promissory fraud.

The second claim for relief in the second amended complaint alleged *negligent* misrepresentation, based on the same two sets of misrepresentations discussed above. The claim was dismissed because (1) the statements made in early September of 2020 were not actionable as negligent misrepresentations for the same reasons they did not support an intentional misrepresentation claim, and (2) the statements made in late November of 2020, were promises

about future events, and the law does not recognize a claim for negligent promissory fraud. *See Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 159 (1991) ("[W]e decline to establish a new type of actionable deceit: the negligent false promise.").

Finally, the fourth claim for relief in the second amended complaint simply recast the same two sets of alleged misrepresentations as "Fraud-Concealment," asserting that the bank did not disclose the statements and promises were false. Accordingly, the dismissal order noted the fourth claim was duplicative of the other claims, and therefore survives as to the allegedly false promises, but fails as to the other alleged false statements.

Plaintiffs now move for leave to seek reconsideration of the dismissal of the various claims based on the set of representations made in early September of 2020. Plaintiffs argue the bank has now produced various internal documents showing the loan had in fact received "approval" within the bank at the time the term sheet was issued, and that the approval was later "rescinded" or "withdrawn." Those documents only demonstrate the unsurprising fact that there are stages in the process leading to final approval and funding of a loan, and this loan had received the approval necessary to proceed with issuing a term sheet. Indeed, in arguing that the bank had knowledge that the loan had *not* been "approved" in any final sense, plaintiffs point to deposition testimony confirming issuance of a term sheet is only a preliminary step. *See* Burke and French deposition excerpts attached to Smith Declaration, Dkt. No. 79-6. The fact that the bank used the term "approved" or "approval" in internal documents does not override the clear language of the term sheet. As to the statements of existing fact alleged in paragraph 74(a) of the second amended complaint, the documents only tend to show that those statements were true.[2]

Finally, plaintiffs point to evidence that in connection with a property acquisition several years ago, the bank provided them a letter indicating approval of a $10 million loan, even though credit committee approval had not yet been obtained and other conditions remained to be satisfied.

---

[2] Those statements were: (1) term sheets were only issued by Comerica after loans were internally approved by the bank, (2) Comerica's credit team had provided a "green light" to issue the term sheet, and (3) Comerica's middle market team had approval to provide the as-requested loan.

Plaintiffs argue that experience made it reasonable for them to believe the term sheet meant this loan was effectively already approved, even if more paperwork was to follow. Even assuming the letter the bank provided in the prior matter to facilitate plaintiffs' purchase of that property represented a binding commitment to loan, it has no bearing on this case, because it did not include the clear disclaimers used in the term sheet. Because the "new evidence" to which plaintiffs point would not support a different result, the motion for leave to amend is denied.

2. Leave to amend

Plaintiffs acknowledge their request to reallege the substance of paragraph 74(a) is dependent on reconsideration being granted. Plaintiffs contend, however, that the complaint also should be amended to include "new" claims purportedly arising from additional facts it has discovered regarding the role the Intarica bankruptcy played in the bank's decision and how the bank viewed the FCCR issue. Notwithstanding the general principle that leave to amend should be freely granted, allowing a third amended complaint at this juncture is not warranted. The existing complaint adequately sets out a basis for plaintiffs to present at trial (or in response to any summary judgment motion) the arguments it is now making regarding Intarcia and the FCCR, as well as the evidence on those issues that has come to light in discovery. While plaintiffs' proposed amendments arguably would state the claims with slightly more clarity and with greater factual detail, they do not represent new, unpleaded, claims, and they are not required for plaintiffs to go forward. The motion for leave to amend is denied.[3]

---

[3] Good cause appearing, the motions to seal at Dkt. Nos. 79 and 84 are granted to the extent set out in the parties' stipulation at Dkt. No. 86, and are otherwise denied. The sealing motion at Dkt. 90 is denied in light of plaintiffs' response at Dkt. No. 92, stating no objection to filing the materials in the public record.

**IT IS SO ORDERED**.

Dated: March 18, 2025

_____
RICHARD SEEBORG
Chief United States District Judge