UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C S BIO CO., et al.,

    Plaintiffs,

    v.

COMERICA BANK,

    Defendant.

Case No. 22-cv-05033-RS

**ORDER CONTINUING HEARING AND REQUESTING FURTHER BRIEFING**

The hearing set for December 4, 2025, is hereby continued to January 8, 2025, to permit further briefing, as specified below. Defendant Comerica Bank's motion for summary judgment contends plaintiffs CS Bio Co. and CCS Management, LLC (collectively "CS") lack evidence to show a triable issue of fact that they suffered damages caused by Comerica's alleged misrepresentations. The order granting in part and denying in part the motion to dismiss the Second Amended Complaint found that CS had viable claims based on two basic alleged misrepresentations: (1) assurances Comerica allegedly gave on November 20, 2020, and again on November 23, 2020, that CS could and should pay its contractor's October invoice in the amount of $738,000 without jeopardizing funding of the loan, and that the payment would therefore be reimbursed through the loan proceeds, and (2) an assurance on November 24, 2020, that any violation of the FCCR covenant would be waived. See Dkt. No. 64. The order explained that liability for those assurances could either be pursued under the first claim for relief for "Fraud — Intentional Misrepresentation," or, more precisely as "False Promise[s]" under the third claim for

relief. The order noted the same alleged misrepresentations were recast as concealments/failures to disclose in the fourth claim for relief, which was also viable, although it added nothing of substance.

CS subsequently moved for leave to file a third amended complaint, arguing, among other things, that discovery had revealed further evidence related to (1) the alleged falsity, when made, of assurances that the FCRR issue would not preclude final loan approval, and (2) the actual impact of the financial condition of CS customer Intarcia on Comerica's decision not to go forward with the loan. The order denying leave to amend stated:

> The existing complaint adequately sets out a basis for plaintiffs to present at trial (or in response to any summary judgment motion) the arguments it is now making regarding Intarcia and the FCCR, as well as the evidence on those issues that has come to light in discovery. While plaintiffs' proposed amendments arguably would state the claims with slightly more clarity and with greater factual detail, they do not represent new, unpleaded, claims, and they are not required for plaintiffs to go forward.

Dkt. 95.

Comerica's motion for summary judgment expressly addressed only the November 20, 23, and 24, 2020, alleged assurances mentioned above regarding payment of the contractor invoice and waiver of the FCRR covenant. In opposition, CS argued the order denying leave to file a third amended complaint effectively left it free to argue any number of purported misrepresentations in September of 2020, and thereafter, are actionable. To be clear, the effect of the order denying leave to file a third amended complaint is only that CS may pursue a claim that Comerica falsely promised Intarcia's financial condition would not preclude final loan approval, to the extent such a claim was not otherwise explicitly set out in the Second Amended Complaint.[1]

That said, Comerica's reply in support of its motion for summary judgment shows its

---

[1] The proposed amendments related to waiver of the FCRR indisputably at most were further factual allegations in support of an existing claim, not expansion of the claims.

arguments as to lack of causation and damages are intended to apply equally to all of the viable misrepresentation claims. The issue, therefore, is whether there is a triable issue of fact that CS suffered damages resulting from the alleged misrepresentations/false promises/failures to disclose/concealments.

As noted, Comerica's motion asserts CS can show no causally related damages. Comerica's moving papers appear to satisfy its initial burden to show CS lacks the requisite evidence, such that the burden shifts to CS to show at least a triable issue of fact. Even assuming, however, that Comerica did not meet its initial burden, and/or that its causation and damages arguments do not expressly focus on all of the potentially dispositive issues, the present record suggests CS may have no basis to recover damages here.

CS's opposition to the motion for summary judgment characterizes its alleged damages in two section headings: "F. As a Result of Loan Termination, CS Bio Needed to Secure a New Lender, Construction Was Delayed, and Lucrative Leasing Opportunities Vanished," and "G. CS Bio Was Also Damaged Through Higher Interest Rates." As reflected in these headings and in the text of CS's briefing, its damages theories largely are premised on contrasting what CS contends would have happened *if the loan had been approved*, with what happened when it was not. This appears to be the wrong measure of damages for the alleged fraud.

CS seems to understand correctly that it cannot contend there was ever any enforceable promise to fund the loan. This is not a breach of contract action, seeking either specific performance or contractual damages.[2] Accordingly, the question is not what position CS would have been in had the loan gone through. Rather, the issue is what, if any, damages CS can show it suffered as a result of its reasonable reliance on the alleged misrepresentations/false promises/failures to disclose/concealments. Some of CS's existing briefing seems to recognize this point. *See e.g.*, Dkt. 129-2 at ECF p. 18. ("But for Comerica's false statements, CS Bio would not

---

[2] Contrast a case cited by CS, *Bushell v. JPMorgan Chase Bank, N.A.*, 163 Cal. Rptr. 3d 539, 550 (Cal. App. 2013), in which a promise to provide a permanent loan modification upon satisfaction of specified conditions was held potentially enforceable as a breach of contract.

have proceeded with construction.")

The primary focus of CS's argument, however, is on financial benefits it contends it would have received if the Comerica loan had been approved and funded. *See, e.g., id.*, at ECF p. 27 ("the primal cause of all delays was Comerica's cancellation of the Term Sheet, which delayed final construction of the Buckeye Property.") Furthermore, even to the extent CS asserts it was damaged by relying on the alleged misrepresentations (as opposed to alleged damages arising from the fact the loan was not approved and funded), it has offered little evidence supporting or quantifying those damages, or showing there are at least triable issues of fact.

These issues of causation and the existence of damages are plainly implicated by Comerica's motion. In an abundance of caution, however, and to ensure a clear record and that due process is satisfied, CS is advised under Rule 56(f) of the Federal Rules of Civil Procedure that summary judgment may be entered against it on the grounds discussed in this order, whether or not those grounds are fully presented in Comerica's motion.

Accordingly, pursuant to Rule 56(f), CS may file a supplemental brief, not to exceed 18 pages, within one week of the date of this order. Comerica may file a supplemental reply, also not to exceed 18 pages, within one week thereafter.

**IT IS SO ORDERED**.

Dated: December 12, 2025

_____
RICHARD SEEBORG
Chief United States District Judge